IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY AUSTIN GANT,<br><br>   Plaintiff,<br><br> vs.<br><br>REAL PROPERTY MANAGEMENT, INC.,<br>   Defendant.<br>            / | No. 2:15-cv-1536-MCE-CMK<br><br><br>FINDINGS AND RECOMMENDATION |

  Plaintiff, proceeding in propria persona, brought this action in the Shasta County Superior Court. Defendant removed this action on July 16, 2015. Pending before the court is defendant's motion to dismiss (Doc. 6). Plaintiff filed a late opposition to the motion (Doc. 12). As no timely opposition was filed, the hearing on the motion was taken off calendar pursuant to Eastern District of California Local Rule 230(c).

  **I. BACKGROUND**

  Plaintiff originally filed this action in the Shasta County Courts on June 16, 2015. Defendants removed the and filed the pending motion to dismiss. In his complaint, plaintiff alleges he was discriminated against due to his disability in connection with an apartment in which he resided. More specifically, plaintiff alleges that in 2014 he resided in a rented

1

apartment at the San Soubrette Apartments.  While so residing in the apartment, the property was sold to a new owner, Properties, LLC.  On January 23, 2015, plaintiff received a Notice to Terminate Tenancy, apparently issued by the new owner and/or management company, Real Properties Management, Inc., the defendant to this action.  Plaintiff alleges the Notice to Terminate Tenancy was issued based on his low income/government financial assistance status and/or disability.  Plaintiff requested additional time to relocate, but was denied and instructed he had to vacate by March 23, 2015.  Defendant allegedly required plaintiff to resubmit a new rental application for approval in order for plaintiff and his family to be able to continue to reside at San Soubrette Apartments.  Plaintiff states he was intimidated by defendant, who threatened his safety by allowing construction to begin on the property while plaintiff and his family continued to reside in the apartment, and that they were threatened by the construction workers.  Plaintiff suffered injuries during construction, and his medical treatment was interfered with.  Defendant then had plaintiff arrested on false charges for exercising his right to freedom of speech.  Finally, plaintiff alleges that defendant refused to respond to reference requests so he has been unable to obtain adequate housing.

    First, plaintiff claims violation of the Federal Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.*, stating the Notice to Terminate Tenancy was based on discrimination of plaintiff's familial status and disabilities.  Second, he claims violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 *et seq.*, stating he is a qualified individual with disabilities, and was denied benefits of defendant's services, programs and activities.  Third, plaintiff claims violation of the Rehabilitation Act (RA), by defendant discriminating against him due to his disabilities and denying him the benefits of finding and renting a residential dwelling to him.  Fourth, plaintiff claims a violation of the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12955 *et seq.*, by discriminating against him due to his disabilities.  Fifth, plaintiff claims violation of the Unruh Act, Cal. Civ. Code § 51, *et seq.*, with the Notice to Terminate Tenancy which in effect was discrimination and intimidation based on familial status,

handicap and/or disabilities.  Plaintiff is seeking injunctive relief, monetary damages, and punitive damages.

## II.  MOTION TO DISMISS

Defendants brings this motion to dismiss the complaint on the grounds that plaintiff fails to allege sufficient facts to state a claim, nor is there any plausibility for any alleged violation of statutes plaintiff cites.  Plaintiff failed to file a timely opposition.  The opposition he did file was reviewed by the undersigned, but fails to offer any valid basis for the motion to dismiss to be denied.  The opposition essentially only asks for leave to amend his claims.

### A.  Motion to Dismiss Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### B.  FHA, FEHA, Unruh Act Claims

Plaintiff's allegations for violations of the FHA, FEHA, and the Unruh Act are based on some of the same allegations. The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services

4

in connection therewith, because or race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).  The FHA further prohibits discrimination on the basis of a handicap of the renter or other person residing in the dwelling.  See 42 U.S.C. § 3604(f).  A claim for discrimination under the FHA can be established either with a disparate impact or disparate treatment theory.  See Budnick v. Town of Carefree, 518 F.3d 1109 (9th Cir.2008); Gamble v. City of Escondido, 104 F.3d 300, 304–05 (9th Cir.1997).  To establish a prima facie case of disparate impact under the FHA, "a plaintiff must show at least that the defendant's action had a discriminatory effect."  Budnick, 518 F.3d at 1118 (quoting Pfaff v. U.S. Dep't of Hous. & Urban Dev., 88 F.3d 739, 745 (9th Cir.1996)).  There must be allegations that "(1) the occurrence of certain outwardly neutral . . . practices, and (2) a significantly adverse or disproportionate impact on persons of a particular [type] produced by the [defendant's] facially neutral acts or practices."  Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 711 (9th Cir.2009) (quoting Pfaff, 88 F.3d at 745); see also  Cabrera v. Alvarez, 977 F.Supp.2d 969, 976 (N.D.Cal.2013); Gamble, 104 F.3d at 306.  Alternatively, a plaintiff can make a prima facie case of disparate treatment by showing that a protected group has been subjected to explicitly differential or discriminatory treatment.  Cabrera, 977 F.Supp.2d at 976.  Discriminatory intent or motive is a necessary element of any disparate treatment claim under the FHA.  See Wood v. City of San Diego, 678 F.3d 1075, 1081 (9th Cir.2012); Gamble, 104 F.3d at 305.

    The provisions of FEHA and the Unruh Act at issue "protect substantially the same rights as the FHA, and are subject to the same analysis."  See Cabrera, 977 F.Supp.2d at 975; Walker v. City of Lakewood, 272 F.3d 1114, 1131 n. 8 (9th Cir.2001).  California Government Code Section 12955 states that it is unlawful for "the owner of any housing accommodation to discriminate against or harass any person because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information of that person."  The Unruh Civil Rights Act, California Civil Code Section 51, states: "All persons within the

jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." While the Unruh Act "aims to eliminate discriminatory practices in business establishments," it also includes acts of discrimination that occur in connection with residential housing. See Marina Point v. Wolfson, 30 Cal.3d 721, 731, 180 Cal.Rptr. 496, 640 P.2d 115 (1982) ("For nearly two decades the provisions of the Unruh Act, in light of its broad application to 'all business establishments,' has been held to apply with full force to the business of renting housing accommodations.").

      Defendant argues plaintiff fails to state a claim as he has made no showing of disability; no showing of discrimination; and there are no allegations that plaintiff was treated differently from the other tenants, much less that there any disparate treatment was based on any alleged disability. Defendant contends the only allegation relates to the Notice to Terminate that all tenants received, which plaintiff has shown no connection to his alleged disability or familial status. Defendant argues that the facts as alleged in the complaint make it clear that the apartment building was undergoing renovations, as plaintiff references the construction in process, and there are no allegations that plaintiff was the only one given the notice to vacate, that he was explicitly treated differently, or that there was any failure to accommodate his disability. In addition, as to the FEHA and Unruh Act claims, defendant contends that plaintiff alleges no facts, merely recites the statutory language which is insufficient.

      Plaintiff's opposition does not specifically address the deficiencies in his complaint. Rather, he simply argues he should be granted leave to amend his complaint.

      First, in order to state a claim for discrimination, plaintiff must allege he is a qualified individual. Plaintiff's allegations as to his disabilities are vague and conclusory at best. He indicates that he has orthopedic and mobility impairments, but does not explain what those

impairments are nor that they qualify as a disability.  Second, plaintiff fails to allege any connection between any disability he may have with the treatment he received.  He indicates that he received a Notice to Terminate, and that the defendant held the discriminatory belief that low income families bring down the value of property.  He further indicates that he was told he had to resubmit a rental application due to his criminal background.  What he does not do, however, is set forth any connection between his disabilities and the Notice to Terminate.  Even reading the complaint broadly, it appears that the apartment complex in which plaintiff was residing was sold and the new owners undertook renovations.  It appears that as a result of the construction, the residents at the apartments were given Notices to Terminate so the construction could occur.  There is nothing in the complaint that leads to the reasonable conclusion that plaintiff was singled out, or that the new owner or the defendant had the intention of removing only certain individuals from the apartment.

However, while defendant argues that dismissal without leave to amend is appropriate as the claim appears fatally defective, the undersigned cannot say that it is absolutely clear that no amendment can cure the defects in the complaint.  Plaintiff fails to allege the necessary facts to support a claim for discrimination, but that does not necessarily mean such defects are incurable.  Plaintiff will therefore be given an opportunity to file an amended complaint to allege facts sufficient to state a claim.  Plaintiff is cautioned that conclusory allegations will be insufficient.  Rather, he is required to plead sufficient factual allegations that show he is disabled under the law, and that he was discriminated against because of his disabilities.  Being served with a Notice to Terminate and required to move out of a rented apartment complex due to construction is simply insufficient.  Unless plaintiff can allege a discriminatory motive, he will not be able to state a claim.

///

///

///

### C. Americans with Disabilities Act and Rehabilitation Act

Plaintiff also claims violation of both the ADA and RA. The ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. In order to state a claim under Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. See McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). Similarly, the RA protects an "otherwise qualified individual with a disability" from being "excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance" due to his disability. 29 U.S.C. § 794(a). To establish a violation of the RA, a plaintiff must show that (1) he is an individual with a disability within the meaning of the RA; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of his disability; and (4) the program providing the benefit or services receives federal financial assistance. See Weinreich v. Los Angeles County Metropolitan Transp. Authority, 114 F.3d 976, 978 (9th Cir. 1997).

It is clear from the complaint that plaintiff does not, and cannot, establish a violation of either the ADA or the RA. The defendant is neither a public entity who denied plaintiff benefits or excluded him from some service or program, nor is the defendant providing benefits or services for which they receive Federal financial assistance. While plaintiff attempts to show the defendant receives Federal financial assistance because he paid his rent with public assistance funds, this is not the type of Federal financial assistance contemplated by the RA. Plaintiff is the recipient of those public assistance funds, not the defendant.

/ / /

/ / /

### IV. CONCLUSION

Based on the foregoing discussion, the undersigned finds that plaintiff's complaint fails to state a claim and the motion to dismiss should be granted.  However, as some of the defects in the complaint are subject to cure, plaintiff should be given limited leave to file an amended complaint.  Plaintiff's claims for violation of the ADA and RA are not subject to cure, and leave to amend should not be given for those claims.  As it appears possible that plaintiff can plead facts to state a claim for disability discrimination under FHA, FEHA or the Unruh Act, he should be provided the opportunity to attempt to do so.  As stated above, however, plaintiff is cautioned that he must plead sufficient facts to meet all of the criteria to state a claim.  This includes pleading specific facts that he is a qualified individual, that he suffered specific discriminatory treatment, and that the defendant had sufficient discriminatory intent or motive.

Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

Accordingly, the undersigned recommends that:

1. Defendant's motion to dismiss (Doc. 8) be granted;

2. Plaintiff's complaint be dismissed with limited leave to amend as to his claims for violation of the FHA, FEHA, or Unruh Act, only; and

3. Plaintiff be required to file an amended complaint within 30 days of these findings and recommendations being adopted.

/ / /

/ / /

9

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
5  Findings and Recommendations."  Failure to file objections within the specified time may waive
6  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  January 11, 2016

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE