IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY AUSTIN GANT,                              No. 2:15-cv-1536-MCE-CMK

        Plaintiff,

   vs.                                              <u>FINDINGS AND RECOMMENDATION</u>

REAL PROPERTY MANAGEMENT, INC.,

        Defendant.

_____/

        Plaintiff, proceeding in propria persona, brought this action in the Shasta County Superior Court. Defendant removed this action on July 16, 2015. Defendants' first motion to dismiss was granted, and plaintiff was given limited leave to file an amended complaint. Plaintiff filed his amended complaint on February 11, 2016. Pending before the court is defendants' motion to dismiss the amended complaint (Doc. 16). As no opposition to the motion to dismiss was filed, the hearing on the motion was taken off calendar pursuant to Eastern District of California Local Rule 230(c).

**I. BACKGROUND**

        Plaintiff's original complaint set forth allegations that the defendants violated the Federal Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.*, the Americans with Disabilities Act

(ADA), 42 U.S.C. § 12132 *et seq.*, the Rehabilitation Act (RA), the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12955 *et seq.*, and the Unruh Act, Cal. Civ. Code § 51, *et seq.*  The original complaint was dismissed for failure to state a claim, but plaintiff was given leave to file an amended complaint limited to his claims for disability discrimination under FHA, FEHA, and/ or the Unruh Act.  In his amended complaint, plaintiff attempts to state a claim for violation of the FHA and/or FEHA.

## II.  MOTION TO DISMISS

Defendants brings this motion to dismiss the complaint on the grounds that plaintiff fails to allege sufficient facts to state a claim, plaintiff attempts to add claims and/or defendants he was not authorized to add, and plaintiff fails to allege sufficient disability as defined by law.  No opposition to the motion has been filed.

### A.  Motion to Dismiss Standards

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  "Although a pro se litigant ... may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."  Brazil v. United States Dept of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

/ / /

1           Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

           In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).  Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

B.  Discussion

Plaintiff's allegations for violations of the FEHA is unclear.  His amended complaint fails to provide sufficient factual allegations as to how he was discriminated against.  As was set forth in the prior findings and recommendations, the FEHA, FHA, and Unruh Act all prohibit discrimination against a person who meets certain criteria in relation, *inter alia*, to the sale or rental of a residential dwelling.  The court specifically outlined for plaintiff what was necessary to plead in order to state a claim for violation of those three Acts.  In addition to setting forth the specifics from each Act, the court informed plaintiff that in order to state a claim, at a minimum he had to allege facts sufficient to show he is a qualified individual *and* that there is a connection between any disability he may have and specific discriminatory behavior toward him.  Plaintiff's amended complaint fails to cure these defects.

As the undersigned set forth in the prior findings and recommendations:

> The FHA prohibits discrimination "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services in connection therewith, because or race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b).  The FHA further prohibits discrimination on the basis of a handicap of the renter or other person residing in the dwelling. See 42 U.S.C. § 3604(f).  A claim for discrimination under the FHA can be established either with a disparate impact or disparate treatment theory.  See Budnick v. Town of Carefree, 518 F.3d 1109 (9th Cir.2008); Gamble v. City of Escondido, 104 F.3d 300, 304–05 (9th Cir.1997).  To establish a prima facie case of disparate impact under the FHA, "a plaintiff must show at least that the defendant's action had a discriminatory effect." Budnick, 518 F.3d at 1118 (quoting Pfaff v. U.S. Dep't of Hous. & Urban Dev., 88 F.3d 739, 745 (9th Cir.1996)).  There must be allegations that "(1) the occurrence of certain outwardly neutral . . . practices, and (2) a significantly adverse or disproportionate impact on persons of a particular [type] produced by the [defendant's] facially neutral acts or practices." Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 711 (9th Cir.2009) (quoting Pfaff, 88 F.3d at 745); see also  Cabrera v. Alvarez, 977 F.Supp.2d 969, 976 (N.D.Cal.2013); Gamble, 104 F.3d at 306.  Alternatively, a plaintiff can make a prima facie case of disparate treatment by showing that a protected group has been subjected to explicitly differential or discriminatory treatment. Cabrera, 977 F.Supp.2d at 976.  Discriminatory intent or motive is a necessary element of any disparate treatment claim under the FHA. See Wood v. City of San

4

Diego, 678 F.3d 1075, 1081 (9th Cir.2012); Gamble, 104 F.3d at 305.

The provisions of FEHA and the Unruh Act at issue "protect substantially the same rights as the FHA, and are subject to the same analysis." See Cabrera, 977 F.Supp.2d at 975; Walker v. City of Lakewood, 272 F.3d 1114, 1131 n. 8 (9th Cir.2001). California Government Code Section 12955 states that it is unlawful for "the owner of any housing accommodation to discriminate against or harass any person because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information of that person." The Unruh Civil Rights Act, California Civil Code Section 51, states: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." While the Unruh Act "aims to eliminate discriminatory practices in business establishments," it also includes acts of discrimination that occur in connection with residential housing. See Marina Point v. Wolfson, 30 Cal.3d 721, 731, 180 Cal.Rptr. 496, 640 P.2d 115 (1982) ("For nearly two decades the provisions of the Unruh Act, in light of its broad application to 'all business establishments,' has been held to apply with full force to the business of renting housing accommodations.").

(Findings and Recommendations, Doc. 14, at 4-6.)

In his amended complaint, plaintiff attempts to set forth sufficient facts for the court to find his medical condition qualifies him as a disabled person. Defendants argue that plaintiff's conclusory allegations as to his disabilities are insufficient, and that the medical conditions plaintiff contends he suffers are not sufficient to meet the standard. The court, however, need not make the determination that plaintiff's conditions qualify as a disability, because even assuming for the sake of this discussion that plaintiff does qualify, the allegations as to any alleged discrimination are insufficient.

As to discrimination, the only reference to being denied housing that the court found in the amended complaint was that the defendants refused to rent to plaintiff based on his criminal background, not due to any disability. (Am. Compl., Doc. 15, at 7-8). He indicates that the refusal of the defendants to rent an apartment to him forced fear of homelessness and may

have interfered with his disabilities and medical conditions. (Am. Compl., Doc. 15, at 7). However, he never alleges that he was refused the rental due to his medical condition and/or alleged disabilities. At best, plaintiff makes conclusory allegations that he was discriminated against due to his disabilities, and that the defendants refused to provide him reasonable accommodations. (Am. Compl., Doc. 15 at 14). However, as defendants argue and the court previously informed plaintiff, conclusory allegations are insufficient to state a claim. As to plaintiff's argument that the defendants refused to provide him "reasonable accommodations," plaintiff's use of that term is inconsistent with the FHA. A plaintiff may be able to show discrimination for failure to reasonably accommodate plaintiff's disability. Under the FHA, discrimination includes "a refusal to make reasonable accommodations in rules, policies, practice, or services, when such accommodations may be necessary to afford [a handicapped] person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). Plaintiff makes no such claim in this case. Nowhere in his complaint does he refer to a barrier the defendants refused to eliminate, such as refusing to repair an elevator. The refusal to provide plaintiff a decent place to reside, which appears to be plaintiff's definition of reasonable accommodation, is not covered by the FHA, FEHA, or the Unruh Act.

Other allegations included in the complaint address plaintiff's feeling of mental security and stability residing in the apartment instead of a local motel, that the apartment was sold without prior notice to the tenants, and that the remodeling of the apartments began prior to plaintiff and his family vacating the premises. None of these allegations allege discrimination.

To the extent plaintiff attempts to raise other claims in his amended complaint, leave of court for so doing was not granted. Plaintiff was given limited leave to file an amended complaint to attempt to state a claim for violation of the FHA, FEHA, and/or the Unruh Act only. As his amended complaint is insufficient to do so, no other claims can survive.

Defendants also contend that plaintiff failed to follow proper procedure when filing his amended complaint. While that may be accurate, as plaintiff filed his amended

complaint prior to the order adopting the findings and recommendations ordering plaintiff to do so, such a technicality is moot as the findings and recommendations were adopted.

### IV. CONCLUSION

Based on the foregoing discussion, the undersigned finds that plaintiff's amended complaint fails to state a claim and the motion to dismiss should be granted.

Accordingly, the undersigned recommends that:

1. Defendant's motion to dismiss (Doc. 16) be granted;
2. Plaintiff's complaint be dismissed with prejudice;
3. All other pending motions be denied as moot; and
4. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE